# UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF MICHIGAN
# SOUTHERN DIVISION

| | | |
|---|---|---|
| **Humantech, Inc.,** a Michigan corporation, | : : : | |
| Plaintiff, | : : | Case No. |
| v. | : : | Hon. |
| **Ergonomics Plus, Inc.,** an Indiana corporation, | : : : | **COMPLAINT AND JURY DEMAND** |
| Defendant. | : : : | |

David S. McDaniel (P56994)
Peter M. Falkenstein (P61375)
JAFFE RAITT HEUER & WEISS, P.C.
201 S. Main St., Suite 300
Ann Arbor, Michigan 48104
(734) 222-4776
dmcdaniel@jaffelaw.com
pfalkenstein@jaffelaw.com

*Attorneys for Plaintiff Humantech, Inc.*

## COMPLAINT

Plaintiff Humantech, Inc. ("Humantech"), by its counsel, states the following for its Complaint against Defendant Ergonomics Plus, Inc. ("Defendant" or "Ergonomics Plus"):

1

## Introduction

1. Humantech is an international leader in ergonomics engineering, training, and consulting. Defendant also operates in the field of ergonomics. Humantech brings this lawsuit because Defendant has copied Humantech copyrighted works, has failed to provide attribution of ownership to Humantech, has removed copyright notices from Humantech materials, and has engaged in other actions contrary to Humantech's rights in its proprietary works, in violation of federal and state law.

2. Humantech seeks, in addition to other relief, (i) a permanent injunction prohibiting Defendant from any further copying or publication of Humantech's copyrighted materials; (ii) all monetary damages available for Defendant's violations of Humantech's rights in its works; and (iii) recovery of attorney fees and costs.

## Parties and Venue

3. Humantech is a Michigan corporation, with its principal place of business located in Ann Arbor, Washtenaw County, Michigan.

4. Ergonomics Plus is an Indiana corporation, with its principal place of business located in Grant County, Indiana.

5. The Court has jurisdiction over the subject matter of this case pursuant to 28 U.S.C. § 1331 (federal question); 28 U.S.C. § 1332 (diversity

2

jurisdiction); 28 U.S.C. § 1338 (copyright claims); and 28 U.S.C. § 1367 (supplemental jurisdiction)

6.  Personal jurisdiction of this Court over Defendant is proper pursuant to M.C.L. §§ 600.711 and 600.715 (general and limited personal jurisdiction over corporations) and comports with principles of due process under the U.S. Constitution.  Ergonomics Plus transacts business across the United States; has transacted business within the State of Michigan; and has committed tortious acts having consequences within Michigan.

7.  Venue is proper in this District pursuant to 28 U.S.C. § 1391.

## Factual Background

8.  Humantech owns numerous copyrights for manuals, surveys, guidelines, images, and other works in the field of ergonomic risk assessment and workplace improvement, representing over 33 years of research and development. Humantech's registered copyrighted works include:

- Reg. No. TX 7-731-792, dated June 6, 2013, for the "Handbook of Ergonomic Design Guidelines", created in 2008;

- Reg. No. TX 7-741-807, dated June 6, 2013 for the "Handbook of Ergonomic Design Guidelines", created in 2012;

- Reg. No. TX 4-730-292, dated February 17, 1998, for the "Applied Ergonomics Manual", created in 1995;

- Reg. No. TX 7-805-932, dated June 4, 2013, for the "Applied Ergonomics Manual", created in 1995;

3

- Reg. No. TX 4-722-1440, dated February 19, 1998, for the "Ergonomic Design Guidelines for Engineers" manual, created in 1996;

- Reg. No. TX 7-839-102, dated August 29, 2013, for the "Humantech MMH Guidelines, Version 1.1", created in 2001;

- Reg. No. TX 7-839-108, dated August 29, 2013, for the "Humantech MMH Guidelines, Version 2.2", created in 2002;

- Reg. No. TX 7-839-125, dated August 29, 2013, for the "Humantech MMH Guidelines, Version 4.2", created in 2004;

- Reg. No. TX 7-839-134, dated August 29, 2013, for the "Humantech MMH Guidelines, Version 4.3", created in 2005;

9. The works identified above are each hereafter referred to as a "Copyrighted Work" and are collectively referred to as the "Copyrighted Works."

10. Defendant provides ergonomics services and bills itself on its website at http://www.ergo-plus.com/ as a "nationwide consultancy, helping thousands of people across the United States remain healthy and productive at work every day."

11. As described below, Defendant has copied, used and distributed Humantech's Copyrighted Works in violation of federal and state law.

12. Without Humantech's authorization or consent, Defendant copied Humantech's Revised NIOSH Lifting Guidelines calculator, contained within version 1.1 of the Humantech MMH Guidelines and subsequent versions; removed Humantech copyright management information from the work; and, on information and belief, circumvented password protection for this work to facilitate such copying.

4

13. Defendant also copied Humantech's Revised NIOSH Composite Lifting Guidelines calculator, contained within version 2.2 of the Humantech MMH Guidelines and subsequent versions; removed Humantech copyright management information from this work; and, on information and belief, circumvented password protection for this work to facilitate such copying.

14. The Humantech NIOSH calculators are tools used to calculate guidelines for manual material handling tasks. Humantech created the calculators by using its own knowledge and expertise in ergonomics to select from different criteria for defining lifting capacity and calculating risk and arranged this selection of criteria into an interactive form to be filled out by the user. The calculators contain, among other things, the Humantech® logo and the name of the work, and take the form of Microsoft Excel Workbooks.

15. The calculators have been distributed to authorized users through Humantech's website and in other medium, in a password protected form so that they cannot be altered by third parties, and to maintain the secrecy of the proprietary calculation equations embedded in the calculators. The calculators have been distributed to customers for use in performing workplace ergonomic assessments.

16. Humantech learned that a later version of its calculator could be obtained through the State of Michigan, Department of Labor and Economic

Growth website, for an unknown period of time. Humantech was unaware, and did not authorize the posting, of its calculators on this website.

17. Through the State of Michigan website, Humantech's website and/or other means, Defendant has had access to the Humantech NIOSH Calculator.

18. Defendant offers or offered a "NIOSH Composite Lifting Calculator" for free download on its website, in the form of a Microsoft Excel Workbook. Defendant's calculator is substantially similar to Humantech's calculators in terms of appearance and layout, and it incorporates large amounts of content and data from the Humantech calculators. Defendant's calculator contains substantially the same arrangement and overall structure as the Humantech calculators and utilizes the same proprietary equations that are contained in Humantech's calculator.

19. Humantech developed the equations utilized in the calculators, which reflect a methodology unique to Humantech, using its experience, the expertise of its employees in the field of ergonomics, and its extensive knowledge and experience in the field. In order to protect this material, the equations are not visible or properly accessible to the end-user of the NIOSH Composite Lifting Calculator. Rather, they are protected by a password that allows access by Humantech personnel, but precludes access by third-parties.

20. Through either the State of Michigan website, through Humantech's website, or through other access gained by Defendant or agents thereof, Defendant

obtained Humantech's calculators and used those calculators to create its own substantially similar calculator. On information and belief, Defendant facilitated such copying by circumventing Humantech's password protections. Indicative of the extent of Defendant's copying of Humantech's works, Defendant's calculator included comments embedded in the Humantech calculators identifying a Humantech employee involved in the creation and development of the Humantech calculators. Further, Defendant's calculator utilizes the same equations developed by Humantech and employed in its calculators.

21. Defendant removed Humantech's name from the calculators and removed the name of the calculators. Defendant then placed on its calculator false copyright management information, to wit, the "Ergonomics Plus" logo and the following notice: "© Ergonomics Plus 2012."

22. Defendant has made its calculator publicly available through its website and has publicized the calculator through other channels, including social media and EHS Today Magazine (average circulation over 80,000 readers). This publicity has likely caused, and is likely to cause, confusion regarding the origin of the calculator among past, present and potential customers of Humantech.

23. In addition, Ergonomics Plus improperly replicated Humantech's design guidelines, which are published in Humantech's Handbook of Ergonomic

Design Guidelines. This Handbook is available for purchase through Humantech's website and has been widely distributed to Humantech customers.

24. Humantech created its design guidelines by selecting from among many ergonomic criteria and factors for designing workstations and equipment that optimize human performance and reduce work-related injuries. In the Handbook, Humantech organized these criteria and factors into various categories including workstations, manual material handling, hand tools, controls and displays, environment, and others. In each category, Humantech, based on its experience and expertise, arranged the relevant criteria and factors into various charts and tables in a manner easily understandable by readers of the Handbook.

25. Defendant created and published Ergonomic Design Checklists which contain the same factors/criteria and the same values as those contained in Humantech's design guidelines. The organization of these factors/criteria and their corresponding values are substantially similar to those contained in Humantech's design guidelines, and are arranged in substantially the same order as those contained in Humantech's design guidelines.

26. Defendant's Design Checklists were made publicly available on Defendant's website.

27. Defendant also illegally copied Humantech's Baseline Risk Identification of Ergonomic Factors (BRIEF™), which is published in

Humantech's Copyrighted Works, including the Applied Ergonomics Manual and the Design Guidelines for Engineers Manual. These manuals, and derivatives thereof, have been widely distributed to customers for use in performing ergonomic assessments.

28. Defendant duplicated the BRIEF, either verbatim or in substantially similar form, and has used and displayed these unauthorized copies with at least one, and perhaps more, of Humantech's customers in the course of providing ergonomics services.

29. This illegal utilization of Humantech's copyrighted works has caused confusion regarding the authorship and ownership of the BRIEF™.

## COUNT I
## COPYRIGHT INFRINGEMENT
## (17 U.S.C. § 101 et seq.)

30. Humantech repeats and realleges each of the foregoing paragraphs as though fully set forth herein.

31. Defendant, without the authorization or the consent of Humantech, has reproduced or caused to be reproduced, distributed, and/or displayed unauthorized copies of materials contained in Humantech's Copyrighted Works, and/or has prepared derivative works based upon the Copyrighted Works.

32. Defendant's conduct constitutes direct infringement of Humantech's exclusive rights under the Copyright Act to reproduce, distribute, and display the

Copyrighted Works, and to prepare derivative works based upon the Copyrighted Works.

33. Defendant's acts of infringement have been willful, intentional, and purposeful, in disregard of Humantech's rights.

34. Defendant's unlawful conduct has resulted in harm to Humantech, including, but not limited to, depriving Humantech of the economic benefit of its Copyrighted Works and loss of revenue and goodwill.

35. Defendant has infringed, and may continue to infringe, Humantech's copyrights in and relating to the Copyrighted Works by producing, displaying and distributing works that infringe the Copyrighted Work and/or works derivative thereof.

36. Humantech is entitled to a preliminary and permanent injunction restraining Defendant, along with Defendant's officers, agents, servant, employees, and attorneys, and all other persons who are in active concert or participation with any of them, from engaging in any further such acts in violation of the copyright laws of the United States.

37. Humantech is further entitled to recover from Defendant any and all damages it has sustained and will sustain as a result of Defendant's conduct, and any gains, profits, and advantages obtained by Defendant as a result of Defendant's acts of infringement alleged above.

38. Humantech is entitled to statutory damages under the Copyright Act.

39. Humantech is further entitled to an award of its costs and expenses, including its reasonable attorney fees, incurred as a result of Defendant's knowing, willful, and intentional infringement.

40. Humantech is further entitled to such other and further relief as the Court deems just.

## COUNT II
## VIOLATION OF DIGITAL MILLENIUM COPYRIGHT ACT
## (17 U.S.C. § 1201 *et seq.*)

41. Humantech repeats and realleges each paragraph of the complaint as though fully set forth herein.

42. By engaging in the conduct set forth above, Defendant has, with respect to the NIOSH calculators described herein, knowingly, and with the intent to induce, enable, facilitate, or conceal infringement, provided and/or distributed copyright management information that is false.

43. By engaging in the conduct herein described, Defendant has, without Humantech's authority, intentionally removed or altered copyright management information; distributed copyright management information knowing that the copyright management information has been removed or altered without authority of the copyright owner and in violation of law; and/or distributed copies of works,

11

knowing that copyrighted management information has been removed or altered without authority of the copyright owner and in violation of law.

44. Defendant knew or had reasonable grounds to know that the foregoing acts alleged would induce, enable, facilitate, or conceal infringement of Humantech's Copyrighted Works.

45. Further, in the course of copying Humantech's NIOSH calculators, Defendant circumvented password protections that effectively controlled access to the calculators and the proprietary formulas and data contained therein.

46. By these acts, Defendant has violated 17 U.S.C. §§ 1201, 1202(a) and 1202(b) and is liable to Humantech for said violations.

47. As a result of Defendant's aforesaid violations, Humantech is entitled to all civil remedies available for violation of the DMCA, including, but not limited to, (a) an award of Humantech's actual and/or statutory damages, as provided for in the DMCA; (b) a preliminary and permanent injunction against Defendant's continued violation of the DMCA; and (c) an award to Humantech of its costs and expenses, including its reasonable attorney fees; and (d) such other and further relief as the Court deems just.

## COUNT III
## VIOLATION OF THE MICHIGAN UNIFORM
## TRADE SECRETS ACT
## (M.C.L. § 445.1901 *et seq.*)

48. Humantech repeats and realleges each paragraph of the complaint as though fully set forth herein.

49. Humantech has expended considerable time, effort, and money developing its trade secrets described above, *i.e.*, the proprietary equations set forth in its NIOSH calculators, and has undertaken efforts that are reasonable under the circumstances to maintain the secrecy of its trade secrets.

50. Humantech's trade secrets derive independent economic value from not being generally known to, and not being readily ascertainable by proper means by, other persons who can obtain economic value from its disclosure or use.

51. Despite the reasonable safeguards erected by Humantech to maintain the secrecy of its trade secrets, Defendant knowingly, by improper means and without the knowledge or consent of Humantech, misappropriated Humantech's trade secrets in violation of the MUTSA.

52. Defendant has used or disclosed Humantech's trade secrets in the course of its business.

53. Defendant's misappropriation was willful and malicious.

54. As a result of Defendant's unlawful misappropriation of Humantech's trade secrets, Humantech has suffered and continues to suffer damages and irreparable harm.

55. As a result of Defendant's unlawful misappropriation of Humantech's trade secrets, Plaintiff is entitled to all such relief as is available under MUTSA and at common law, including monetary damages, injunctive relief, and an award of reasonable attorney's fees pursuant to M.C.L. § 445.1905.

WHEREFORE, Humantech respectfully requests that the Court enter judgment in favor of Humantech and against Defendants on all counts stated herein, and award Plaintiff damages, reasonable costs and attorneys' fees, injunctive relief and such other relief as is deemed just and appropriate.

## JURY DEMAND

Plaintiff Humantech, Inc. demands a trial by jury on all issues in this case triable to a jury.

> Respectfully submitted,
> JAFFE, RAITT, HEUER & WEISS, P.C.
>
> _____
> David S. McDaniel (P56994)
> Peter M. Falkenstein (P61375)
> 201 S. Main St., Suite 300
> Ann Arbor, Michigan 48104
> (734) 222-4776
> dmcdaniel@jaffelaw.com
> pfalkenstein@jaffelaw.com
> *Attorneys for Plaintiff Humantech, Inc.*